**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| CONFLUENT SURGICAL, INC., INTEGRA LIFESCIENCES CORPORATION, AND INTEGRA LIFESCIENCES SALES LLC,<br><br>     Plaintiffs,<br><br>     v.<br><br>HYPERBRANCH MEDICAL TECHNOLOGY, INC.<br><br>     Defendant. | Civil Action No.  17-688-LPS-CJB<br><br>JURY TRIAL DEMANDED |

## SECOND AMENDED COMPLAINT FOR PATENT INFRINGEMENT

Plaintiffs Confluent Surgical, Inc. ("Confluent"), Integra LifeSciences Corporation ("ILS Corp."), and Integra LifeSciences Sales LLC ("ILS Sales") (all collectively hereinafter "Plaintiffs"), for their second amended complaint for patent infringement against Defendant, HyperBranch Medical Technology, Inc. (hereinafter "HyperBranch"), states as follows:

## NATURE OF CASE

1.      This is an action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*, and particularly 35 U.S.C. §§ 271 and 281.

## THE PARTIES

### Plaintiffs

2.      Confluent Surgical, Inc. ("Confluent") is a Delaware corporation with a principal place of business at 311 Enterprise Drive, Plainsboro, New Jersey, 08536 and is a wholly owned subsidiary of ILS Corp.

3.      ILS Corp. is a Delaware corporation with a principal place of business at 311 Enterprise Drive, Plainsboro, New Jersey, 08536.

4.      ILS Sales is a Delaware company with a principal place of business at 311 Enterprise Drive, Plainsboro, New Jersey, 08536 and is a wholly owned subsidiary of ILS Corp.

5.      Plaintiffs are a world leader in the design, development, manufacturing, sale, and distribution of technologically advanced medical devices.   ILS Corp. and ILS Sales are significantly invested in the design, development, manufacturing and sale of products for orthopedics, tissue technologies, and specialty surgical solutions, with an emphasis on products that help heal and/or regenerate tissue.

6.      Confluent is a medical device company that pioneered the development of in-situ polymerized biomaterials and applicators with applications as synthetic sealants and hemostats in minimally invasive surgery, adhesion prevention, and interventional procedures.

7.      Confluent is the owner by assignment of U.S. Patent 9,517,478 ("the '478 patent") directed to a "Spray Applicator" which duly and legally issued on December 13, 2016. A true and correct copy of the '478 patent is attached as Exhibit A.  ILS Corp. and ILS Sales are the exclusive licensees of the '478 patent, with rights to enforce for past and current infringement.

8.      Confluent is the owner by assignment of U.S. Patent 8,210,453 ("the '453 patent") directed to a "Spray Applicator" which duly and legally issued on July 3, 2012. A true and correct copy of the '453 patent is attached as Exhibit B.  ILS Corp. and ILS Sales are the exclusive licensees of the '453 patent, with rights to enforce for past and current infringement.

9.      Confluent is the owner by assignment of U.S. Patent 8,876,021 ("the '021 patent") directed to a "Silicone Spray Tip" which duly and legally issued on November 4, 2014. A true and correct copy of the '021 patent is attached as Exhibit C. ILS Corp. and ILS Sales are the exclusive licensees of the '021 patent, with rights to enforce for past and current infringement.

10.     Confluent is the owner by assignment of U.S. Patent 8,033,483 ("the '483 patent") directed to a "Silicone Spray Tip" which duly and legally issued on October 11, 2011. A true and correct copy of the '483 patent is attached as Exhibit D. ILS Corp. and ILS Sales are the exclusive licensees of the '483 patent, with rights to enforce for past and current infringement.

11.     Confluent is the owner by assignment of U.S. Patent 8,616,468 ("the '468 patent") directed to a "Spray Applicator" which duly and legally issued on December 31, 2013. A true and correct copy of the '468 patent is attached as Exhibit E. ILS Corp. and ILS Sales are the exclusive licensees of the '468 patent, with rights to enforce for past and current infringement.

12.     Confluent is the owner by assignment of U.S. Patent 9,101,946 ("the '946 patent") directed to a "Spray Applicator" which duly and legally issued on August 11, 2015.  A true and correct copy of the '946 patent is attached as Exhibit F. ILS Corp. and ILS Sales are the exclusive licensees of the '946 patent, with rights to enforce for past and current infringement.

13.     Confluent is the owner by assignment of U.S. Patent 9,700,290 ("the '290 patent") directed to a "Spray Applicator" which duly and legally issued on July 11, 2017.  A true and correct copy of the '290 patent is attached as Exhibit Q.  ILS Corp. and ILS Sales are the exclusive licensees of the '290 patent, with rights to enforce for past and current infringement.

14.     Collectively the '453, '478, '021, '483, '468, '946, and '290 patents will be referred herein as "the patents-in-suit".

**Defendant Hyperbranch Medical Technology, Inc.**

15.     Defendant, HyperBranch Medical Technology, Inc. ("HyperBranch"), is a Delaware Corporation with its principal place of business at 800-12 Capitola Drive, Durham, North Carolina, 27713-4410.

16.     HyperBranch is engaged in the business of, *inter alia*, designing, developing, manufacturing, and selling restorable surgical sealants for general and specialized surgical use along with applicators for those surgical sealants.

17.     Upon information and belief, HyperBranch is registered to do business in Delaware, and is doing business in Delaware.

18.     Upon information and belief, HyperBranch's registered agent in Delaware is Corporation Service Company, 2711 Centerville Road, Wilmington, DE 19808.

## JURISDICTION AND VENUE

19.     This Court has subject matter jurisdiction over this dispute pursuant to 28 U.S.C. §§ 1331 and 1338(a).

20.     On information and belief, this Court has personal jurisdiction over HyperBranch at least because (i) HyperBranch is a Delaware corporation; (ii) HyperBranch is registered with the Delaware Secretary of State to do business in Delaware; and/or (iii) HyperBranch has a registered agent in Delaware.

21.     Venue is proper in this District pursuant to at least 28 U.S.C. §§ 1391(b) and 1400(b).

## Confluent's Patented Technology

22.     The patents-in-suit relate to applicator assemblies for mixing components of, for example a polymer or synthetic material for use in internal and external wound closure, and for dispensing the resulting mixture of components for application, for example as a bioadhesive or tissue sealant.

## COUNT I –INFRINGEMENT OF THE PATENTS-IN-SUIT UNDER 35 U.S.C §271(a)

23.     Plaintiffs incorporate herein the allegations of paragraphs 1 through 22 above.

24.     Plaintiffs have never licensed or permitted HyperBranch to practice any of the legal rights granted under the patents-in-suit.

25.     HyperBranch has, literally or under the doctrine of equivalents, infringed, and is infringing, one or more claims of each of the patents-in-suit under at least 35 U.S.C. §271(a) by at least making and/or using, in the United States the device claimed in one or more claims of the patents-in suit.   Specifically, the image below is a packaging cover for the Adherus AutoSpray Dural Sealant product.



HyperBranch has made the infringing device by manufacturing the applicator shown in Step 1 and as shown in Step 2, combining the applicator for its Adherus AutoSpray Dural Sealant product with the silver capped vial containing a PEI component and a green capped vial containing a PEG component, in accordance with the instructions for use (see Exhibit T attached hereto) that are also supplied in the same package with the applicator and vials.   Steps 3 and 4 show the user forcing liquid from syringes in the applicator into the vials and withdrawing the

components of the vials into the syringes.  Step 6 shows removing the empty vials from the applicator.  Step 7 shows use of the applicator to deliver the PEI component and the PEG component from the syringes.   HyperBranch has also made the infringing device by manufacturing the applicator for its Adherus AutoSpray Extended Tip (ET) Dural Sealant product shown in step A-1 below and as shown in step A-2 combining the applicator with the vial of PEI component and the vial of PEG component, in accordance with the instructions for use (see Exhibit U) that are also supplied in the same package with the applicator and the vials. Steps A-3 and A-4 show the user forcing liquid from syringes in the applicator into the vials and withdrawing the components of the vials into the syringes.



As shown in the image below, step B-2 shows removing the empty vials from the applicator.

Step B-3 shows use of the applicator to deliver the PEI component and the PEG component.



HyperBranch has used the infringing device after making it by mixing the PEI component and PEG component in the Adherus AutoSpray Dural Sealant applicator and thereafter using the applicator to dispense the mixture onto a surface.  HyperBranch has also used the infringing device after making it by mixing the PEI component and PEG component in the Adherus AutoSpray Extended Tip (ET) Dural Sealant applicator and thereafter using the applicator to dispense the mixture onto a surface.  As an alternative theory of infringement under 35 U.S.C. §271(a), HyperBranch is manufacturing, using, selling or offering to sell in the United States the applicator for its Adherus AutoSpray Dural Sealant and/or the applicator for its Adherus AutoSpray Extended Tip (ET) Dural Sealant as described above where each syringe as provided

in the package includes a liquid component.  Particularly, as described above, HyperBranch has, literally or under the doctrine of equivalents, infringed and is infringing at least the following claims of the patents-in-suit: '478 Patent – Claims 1-10; '453 Patent – Claims 1, 2, 4, and 5; '021 Patent – Claims 14-16;  '483 Patent – Claims 19, 20, and 21; '468 Patent – Claims 1, 2, 4, 5 and 7; '946 Patent – Claims 1-5, 7-9, 11, and 12; and '290 Patent – Claims 1-7 under at least 35 U.S.C. § 271 (a).   In addition to the images shown above, a further detailed exemplary description of how HyperBranch's applicators meet the limitations of the asserted claims of the patents-in-suit (both with and without the concurrently provided vials of PEI solution and PEG powder is attached hereto as Exhibits G-P, R, and S.

26.     On information and belief, HyperBranch has been made aware of and has had knowledge of at least the '453 patent and '478 patent since at least January 26, 2017 and HyperBranch's infringement of the patents-in-suit has been, and continues to be, with full knowledge of at least the '453 and '478 patents and is a deliberate and willful infringement thereof.  On information and belief, HyperBranch has been made aware of and has knowledge of the '021, '483, '468, and '946 patents-in-suit since at least the filing of the original complaint and HyperBranch's continued infringement of the patents-in-suit is deliberate and willful.   On information and belief, HyperBranch has been made aware of and has knowledge of the '290 Patent since at least the filing of the amended complaint in the current matter and HyperBranch's continued infringement of the '290 patent is deliberate and willful.

27.     By reason of HyperBranch's infringement of the patents-in-suit, HyperBranch has caused and continues to cause Plaintiffs to suffer damage and to cause Plaintiffs, including at least ILS Corp. and ILS Sales, irreparable harm that monetary damages are inadequate to compensate.

28.     Plaintiffs, including at least ILS Corp. and ILS Sales, have no adequate remedy at law for HyperBranch's infringement of the patents-in-suit.

29.     HyperBranch's infringement of the patents-in-suit will continue unless enjoined by this Court.

## COUNT II – INDUCED INFRINGEMENT OF THE PATENTS-IN-SUIT UNDER §271(b)

30.     Plaintiffs incorporate herein the allegations of paragraphs 1 through 29 above.

31.     Plaintiffs have never licensed or permitted HyperBranch to practice any of the legal rights granted under the patents-in-suit.

32.     HyperBranch has actively induced infringement, and is actively inducing infringement of one or more claims of the patents-in-suit under at least 35 U.S.C. §271(b) by aiding and abetting, encouraging and intending its customers and recipients and possibly others as yet unknown to plaintiffs to use, sell or offer to sell in the United States, products including the applicator for the Adherus AutoSpray Dural Sealant and/or the applicator for the Adherus AutoSpray Extended Tip (ET) Dural Sealant, in a manner that directly infringes one or more claims of each of the patents-in-suit.  Particularly, HyperBranch has, literally or under the doctrine of equivalents, induced infringement of at least the following claims of the patents-in-suit: '478 Patent – Claims 1-10; '453 Patent – Claims 1, 2, 4, and 5; '021 Patent – Claims 14-16;  '483 Patent – Claims 19, 20, and 21, '468 Patent – Claims 1, 2, 4, 5 and 7; '946 Patent – Claims 1-5, 7-9, 11, and 12; and '290 Patent – Claims 1-7 under at least 35 U.S.C. § 271 (b) by aiding and abetting, encouraging and intending its customers and recipients to use, sell, or offer for sale products including the applicator for the Adherus AutoSpray Dural Sealant and/or the applicator for the Adherus AutoSpray Extended Tip (ET) Dural Sealant in a manner that directly infringes one or more claims of each of the patents in suit.

33.     On information and belief, HyperBranch has been made aware of and has had knowledge of at least the '453 patent and '478 patent since at least January 26, 2017 and HyperBranch's infringement of the patents-in-suit has been, and continues to be, with full knowledge of at least the '453 and '478 patents and is a deliberate and willful infringement thereof.  On information and belief, HyperBranch has been made aware of and has knowledge of the '021, '483, '468, and '946 patents-in-suit since at least the filing of the original complaint and HyperBranch's continued infringement of the patents-in-suit is deliberate and willful.  On information and belief, HyperBranch has been made aware of and has knowledge of the '290 Patent since at least the filing of the amended complaint in the current matter and HyperBranch's continued infringement of the '290 patent is deliberate and willful.

34.     By reason of HyperBranch's infringement of the patents-in-suit, HyperBranch has caused and continues to cause Plaintiffs to suffer damage and to cause Plaintiffs, including at least ILS Corp. and ILS Sales, irreparable harm that monetary damages are inadequate to compensate.

35.     Plaintiffs, including at least ILS Corp. and ILS Sales, have no adequate remedy at law for HyperBranch's infringement of the patents-in-suit.

36.     HyperBranch's infringement of the patents-in-suit will continue unless enjoined by this Court.

## COUNT III –INFRINGEMENT OF THE PATENTS-IN-SUIT UNDER 35 U.S.C §271(f)(1)

37.     Plaintiffs incorporate herein the allegations of paragraphs 1 through 36 above.

38.     Plaintiffs have never licensed or permitted HyperBranch to practice any of the legal rights granted under the patents-in-suit.

39.     HyperBranch has, literally or under the doctrine of equivalents, infringed and is infringing one or more claims of the patents-in-suit under at least 35 U.S.C. §271(f)(1) by

supplying from the United States product packages containing all or a substantial portion of the components of at least one of the claims of the patents-in-suit where such components are uncombined in whole or in part and also containing instructions for use supplied with the components, encouraging and/or intending its customers to combine the applicator for the Adherus AutoSpray Dural Sealant and the concurrently supplied vial of PEI solution and the concurrently supplied vial of PEG powder in accordance with the instructions for use provided with these components in a manner that would directly infringe one or more of claims of the patents-in-suit if such a combination was performed in the United States.  On information and belief, HyperBranch has, literally or under the doctrine of equivalents, infringed at least the following claims of the patents-in-suit: '478 Patent –Claims 1-4, and 6-10; '453 Patent – Claims 1, 2, 4, and 5; '021 Patent – Claims 14-16; '483 Patent – Claims 19, 20, and 21; and '290 Patent Claims 1-4, 6 and 7 under at least 35 U.S.C. § 271 (f)(1) by aiding and abetting, encouraging and intending its overseas customers and recipients to combine the components of the applicator for the Adherus AutoSpray Dural Sealant supplied by HyperBranch from the United States along with the concurrently supplied vial of PEI solution and the concurrently supplied vial of PEG powder that are also supplied by HyperBranch from the United States with instructions on how to combine the vials of PEI solution and PEG powder with the components of the applicator so as to have a system or applicator with for example a first source of component (e.g., containing either PEI component or PEG component) and a second source of component (e.g., containing either PEI component or PEG component) in a manner that directly infringes one or more claims of each of the patents in suit.

40.     On information and belief, HyperBranch has been made aware of and has had knowledge of at least the '453 patent and '478 patent since at least January 26, 2017 and HyperBranch's infringement of the patents-in-suit has been, and continues to be, with full

knowledge of at least the '453 and '478 patents and is a deliberate and willful infringement thereof.  On information and belief, HyperBranch has been made aware of and has knowledge of the '021, '483, '468, and '946 patents-in-suit since at least the filing of the original complaint and HyperBranch's continued infringement of the patents-in-suit is deliberate and willful.  On information and belief, HyperBranch has been made aware of and has knowledge of the '290 Patent since at least the filing of the amended complaint in the current matter and HyperBranch's continued infringement of the '290 patent is deliberate and willful.

41.     By reason of HyperBranch's infringement of the patents-in-suit under at least 35 U.S.C. 271(f)(1), HyperBranch has caused and continues to cause Plaintiffs to suffer damage and to cause Plaintiffs, including at least ILS Corp. and ILS Sales, irreparable harm that monetary damages are inadequate to compensate.

42.     Plaintiffs, including at least ILS Corp. and ILS Sales, have no adequate remedy at law for HyperBranch's infringement of the patents-in-suit.

43.     HyperBranch's infringement of the patents-in-suit will continue unless enjoined by this Court.

## COUNT IV – CONTRIBUTORY INFRINGEMENT OF THE PATENTS-IN-SUIT UNDER § 271(c)

44.     Plaintiffs incorporate herein the allegations of paragraphs 1 through 43 above.

45.     Plaintiffs have never licensed or permitted HyperBranch to practice any of the legal rights granted under the patents-in-suit.

46.     HyperBranch has contributorily infringed, and is contributorily infringing, one or more claims of the patents-in-suit under at least 35 U.S.C. §271(c) by selling, and/or offering to sell to customers and possibly others as yet unknown to Plaintiffs, packages containing components of the applicators for the Adherus AutoSpray Dural Sealant and/or Adherus

AutoSpray Extended Tip (ET) Dural Sealant for use in a manner that directly infringes one or more claims of the patents-in-suit, the components constituting a material part of the invention, knowing the same to be especially made or especially adapted for use in an infringement of such patented claims and not a staple article or commodity of commerce suitable for substantial noninfringing use.  Particularly, HyperBranch has, literally or under the doctrine of equivalents, contributorily infringed at least the following claims of the patents-in-suit: '478 Patent –Claims 1-10; '453 Patent – Claims 1, 2, 4, and 5; '021 Patent – Claims 14-16;  '483 Patent – Claims 19, 20, and 21; '468 Patent – Claims 1, 2, 4, 5 and 7; '946 Patent – Claims 1, 2, 3, 4, 5, 7-9, 11, and 12; and '290 Patent – Claims 1-7 under at least 35 U.S.C. § 271 (c) by selling or offering to sell products including packages containing the components of the applicator for the Adherus AutoSpray Dural Sealant and packages containing the components of the applicator for the Adherus AutoSpray Extended Tip (ET) Dural Sealant which constitutes at least a material component of at least one claim of the patents-in-suit and which are not staple articles of commerce suitable for substantial noninfringing use.

47.    On information and belief, HyperBranch has been made aware of and has had knowledge of at least the '453 patent and '478 patent since at least January 26, 2017 and HyperBranch's infringement of the patents-in-suit has been, and continues to be, with full knowledge of at least the '453 and '478 patents and is a deliberate and willful infringement thereof.  On information and belief, HyperBranch has been made aware of and has knowledge of the '021, '483, '468, and '946 patents-in-suit since at least the filing of the original complaint and HyperBranch's continued infringement of the patents-in-suit is deliberate and willful.  On information and belief, HyperBranch has been made aware of and has knowledge of the '290 Patent since at least the filing of the amended complaint in the current matter and HyperBranch's continued infringement of the '290 patent is deliberate and willful.

48.     By reason of HyperBranch's infringement of the patents-in-suit under at least 35 U.S.C. 271(c), HyperBranch has caused and continues to cause Plaintiffs to suffer damage and to cause Plaintiffs, including at least ILS Corp. and ILS Sales, irreparable harm that monetary damages are inadequate to compensate.

49.     Plaintiffs, including at least ILS Corp. and ILS Sales, have no adequate remedy at law for HyperBranch's infringement of the patents-in-suit.

50.     HyperBranch's infringement of the patents-in-suit will continue unless enjoined by this Court.

## COUNT V –INFRINGEMENT OF THE PATENTS-IN-SUIT UNDER 35 U.S.C §271(f)(2)

51.     Plaintiffs incorporate herein the allegations of paragraphs 1 through 50 above.

52.     Plaintiffs have never licensed or permitted HyperBranch to practice any of the legal rights granted under the patents-in-suit.

53.     HyperBranch has, literally or under the doctrine of equivalents, infringed and is infringing, one or more claims of the patents-in-suit under at least 35 U.S.C. §271(f)(2) by supplying from the United States product packages containing the components of the applicator for the Adherus AutoSpray Dural Sealant, which is at least one component of at least one of the claims of the patents-in-suit and also containing the concurrently supplied vial of PEI solution and the concurrently supplied vial of PEG powder and instructions for use. where each of the applicator for the Adherus AutoSpray Dural Sealant, concurrently supplied vial containing PEI solution and the concurrently supplied vial containing PEG powder is specifically made or especially adapted for use in at least one of the claims of the patents-in-suit and not a staple article of commerce suitable for non-infringing use; where such the applicator, vial containing PEI solution and vial containing PEG powder are uncombined in whole or in part, knowing that above applicator and vials are made for and HyperBranch

intends that the applicator and vials be combined in accordance with the instructions for use provided with these components in a manner that would infringe on the product, device or apparatus claimed in one or more of the patents-in-suit if such combination occurred in the United States.  Particularly, HyperBranch has, literally or under the doctrine of equivalents, infringed at least the following claims of the patents-in-suit: '478 Patent –Claims 1-4, and 6-10; '453 Patent – Claims 1, 2, 4, and 5; '021 Patent – Claims 14-16; and '483 Patent – Claims 19, 20, and 21; and '290 Patent, Claims 1-4, 6, and 7 under at least 35 U.S.C. § 271(f)(2) by selling or otherwise causing packages containing the applicator for the Adherus AutoSpray Dural Sealant along with the vial containing PEI solution and the vial containing PEG powder, each of which is supplied from the United States by HyperBranch, each of which constitutes at least one component of at least one claim of the patents-in-suit knowing that the  applicator for the Adherus AutoSpray Dural Sealant and above vials are a material component of at least one claim of the patents-in-suit and intending that the applicator for the Adherus AutoSpray Dural Sealant and each of the above vials, which are not staple articles of commerce suitable for substantial noninfringing use, be combined in a manner consistent with the instructions included with the applicator for the Adherus AutoSpray Dural Sealant and above vials of PEI solution and PEG powder that describe how to combine the above vials and Adherus AutoSpray Dural Sealant applicator into a system containing the applicator for the Adherus AutoSpray Dural Sealant and the other system components, for example a first source of component (e.g., containing either PEI component or PEG component) and a second source of component (e.g., containing either PEI component or PEG component) that would infringe at least one claim of the patents-in-suit if that combination occurred in the United States.

54.     On information and belief, HyperBranch has been made aware of and has had knowledge of at least the '453 patent and '478 patent since at least January 26, 2017 and

HyperBranch's infringement of the patents-in-suit has been, and continues to be, with full knowledge of at least the '453 and '478 patents and is a deliberate and willful infringement thereof.  On information and belief, HyperBranch has been made aware of and has knowledge of the '021, '483, '468, and '946 patents-in-suit since at least the filing of the original complaint and HyperBranch's continued infringement of the patents-in-suit is deliberate and willful.  On information and belief, HyperBranch has been made aware of and has knowledge of the '290 Patent since at least the filing of the amended complaint in the current matter and HyperBranch's continued infringement of the '290 patent is deliberate and willful.

55.     By reason of HyperBranch's infringement of the patents-in-suit under at least 35 U.S.C. 271(f)(2), HyperBranch has caused and continues to cause Plaintiffs to suffer damage and to cause Plaintiffs, including at least ILS Corp. and ILS Sales, irreparable harm that monetary damages are inadequate to compensate.

56.     Plaintiffs, including at least ILS Corp. and ILS Sales, have no adequate remedy at law for HyperBranch's infringement of the patents-in-suit.

57.     HyperBranch's infringement of the patents-in-suit will continue unless enjoined by this Court.

## JURY DEMAND

In accordance with the Seventh Amendment of the United States Constitution and D. Del. Local Rule 38.1, Plaintiffs demand a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that:

a)      Pursuant to 35 U.S.C. §271(a), this Court enter judgment that HyperBranch has been and is currently infringing the patents-in-suit;

b)        Pursuant to 35 U.S.C. §271(b), this Court enter judgment that HyperBranch has been and is currently infringing the patents-in-suit;

c)        Pursuant to 35 U.S.C. §271(c), this Court enter judgment that HyperBranch has been and is currently infringing the patents-in-suit;

d)        Pursuant to 35 U.S.C. §271(f)(1), this Court enter judgment that HyperBranch has been and is currently infringing the patents-in-suit;

e)        Pursuant to 35 U.S.C. §271(f)(2), this Court enter judgment that HyperBranch has been and is currently infringing the patents-in-suit;

f)        HyperBranch, its officers, agents, servants, employees, assigns, successors in interest, parents, and attorneys, and all those in active concert or participation with them who received actual notice of the infringement, by personal service or otherwise, be preliminarily and permanently enjoined from infringing the patents-in-suit;

g)        HyperBranch be directed to pay Plaintiffs the amount of damages Plaintiffs have sustained as a result of HyperBranch's acts of patent infringement, and that such damages be trebled under 35 U.S.C. §284;

h)        This be declared an exceptional case under 35 U.S.C. §285;

i)        Plaintiffs be awarded their attorneys' fees;

j)        HyperBranch be directed to pay an award of pre-judgment interest, post-judgment interest, and costs of the suit to Plaintiffs; and

k)        Plaintiffs be granted such other further relief as the Court may deem proper and just.

Dated:  November 20, 2017

*Of Counsel:*

Robert F. Altherr, Jr.
Christopher B. Roth
**BANNER & WITCOFF, LTD.**
1100 13th Street NW
Suite 1200
Washington, DC 20005
Telephone: (202) 824-3000

John P. Iwanicki
**BANNER & WITCOFF, LTD.**
28 State Street, Suite 1800
Boston, MA 02109
Telephone: (617) 720-9600

Jason Shull
**BANNER & WITCOFF, LTD.**
Ten South Wacker
Suite 3000
Chicago, IL 60606
Telephone (312) 463-5000

**YOUNG CONAWAY STARGATT & TAYLOR LLP**

*/s/ Karen L. Pascale*
_____
Karen L. Pascale (#2903) [kpascale@ycst.com]
James L. Higgins (#5021) [jhiggins@ycst.com]
Rodney Square
1000 North King Street
Wilmington, DE  19801
Telephone: (302) 571-6600

*Attorneys for Plaintiffs, Confluent Surgical, Inc.,*
*Integra LifeSciences Corporation, and Integra*
*LifeSciences Sales LLC*

**EXHIBIT LIST**

| Exhibit | Description |
|---------|-------------|
| A | U.S. Patent No. 9,517,478 |
| B | U.S. Patent No. 8,210,453 |
| C | U.S. Patent No. 8,876,021 |
| D | U.S. Patent No. 8,033,483 |
| E | U.S. Patent No. 8,616,468 |
| F | U.S. Patent No. 9,101,946 |
| G | Exemplary Infringement Chart of '478 Patent by Adherus AutoSpray Dural Sealant Applicator |
| H | Exemplary Infringement Chart of '453 Patent by Adherus AutoSpray Dural Sealant Applicator |
| I | Exemplary Infringement Chart of '021 Patent by Adherus AutoSpray Dural Sealant Applicator |
| J | Exemplary Infringement Chart of '483 Patent by Adherus AutoSpray Dural Sealant Applicator |
| K | Exemplary Infringement Chart of '478 Patent by Adherus AutoSpray Extended Tip (ET) Dural Sealant Applicator |
| L | Exemplary Infringement Chart of '453 Patent by Adherus AutoSpray Extended Tip (ET) Dural Sealant Applicator |
| M | Exemplary Infringement Chart of '021 Patent by Adherus AutoSpray Extended Tip (ET) Dural Sealant Applicator |
| N | Exemplary Infringement Chart of '483 Patent by Adherus AutoSpray Extended Tip (ET) Dural Sealant Applicator |
| O | Exemplary Infringement Chart of '468 Patent by Adherus AutoSpray Extended Tip (ET) Dural Sealant Applicator |
| P | Exemplary Infringement Chart of '946 Patent by Adherus AutoSpray Extended Tip (ET) Dural Sealant Applicator |
| Q | U.S. Patent No. 9,700,290 |
| R | Exemplary Infringement Chart of '290 Patent by Adherus AutoSpray Dural Sealant Applicator |
| S | Exemplary Infringement Chart of '290 Patent by Adherus AutoSpray Extended Tip (ET) Dural Sealant Applicator |

T        Instructions for Use (IFU) for Adherus AutoSpray Dural Sealant

U        Instructions for Use (IFU) for Adherus AutoSpray Extended Tip (ET) Dural
         Sealant

<u>**CERTIFICATE OF SERVICE**</u>

I, Karen L. Pascale, Esquire, hereby certify that on November 20, 2017, I caused to be

electronically filed a true and correct copy of the foregoing document with the Clerk of the Court

using CM/ECF (which will send notification that such filing is available for viewing and

downloading to all registered counsel), and in addition caused true and correct copies of the

foregoing document to be served upon the following counsel of record by e-mail:

| | |
|---|---|
| **For Defendant HyperBranch Medical Technology, Inc.:** | |
| Thomas C. Grimm | tgrimm@mnat.com |
| Jeremy A. Tigan | jtigan@mnat.com |
| Stephen J. Kraftschik | skraftschik@mnat.com |
| MORRIS, NICHOLS, ARSHT & TUNNELL LLP | |
| 1201 North Market Street | |
| P.O. Box 1347 | |
| Wilmington, DE 19899-1347 | |
| | |
| COOLEY LLP | zHyperBranchIntegra@cooley.com |
| | |
| Jonathan G. Graves | |
| COOLEY LLP | |
| One Freedom Square | |
| Reston Town Center | |
| 11951 Freedom Drive | |
| Reston, VA 20190 | |
| (703) 456-8000 | |
| | |
| Adam M. Pivovar | |
| James P. Hughes | |
| Stephen C. Crenshaw | |
| Nicholas G. Lockhart | |
| Naina Soni | |
| COOLEY LLP | |
| 1299 Pennsylvania Avenue, NW, Suite 700 | |
| Washington, DC 20004 | |
| (202) 842-7800 | |

*/s/ Karen L. Pascale*
Karen L. Pascale (#2903) [kpascale@ycst.com]
**YOUNG CONAWAY STARGATT & TAYLOR LLP**
1000 North King Street
Wilmington, DE 19801
Telephone: (302) 571-6600
*Attorneys for Plaintiffs*