

**WILMINGTON**
RODNEY SQUARE

**NEW YORK**
ROCKEFELLER CENTER

**Karen L. Pascale**
P 302.571.5001
F 302.576.3516
kpascale@ycst.com

August 17, 2018

**VIA E-FILING**

The Honorable Christopher J. Burke
United States District Court
844 King Street
Wilmington, DE  19801

> Re:    *Confluent Surgical, Inc., Integra Lifesciences Corporation, and Integra LifeSciences Sales LLC v. HyperBranch Medical Technology, Inc.,* Civil Action No. 17-688-LPS-CJB

Dear Judge Burke:

In accordance with the Court's August 14, 2018 Oral Order ("Oral Order"), Plaintiffs seek the Court's assistance with respect to a discovery dispute relating to the deadline by which Plaintiffs substantially complete their production of documents.  The resolution of this scheduling issue is necessarily dependent on the Court's ruling on the issue that Plaintiffs understand is concurrently being raised by HyperBranch today—namely, whether inclusion of HyperBranch's proposed ESI custodians and HyperBranch's proposed additional ESI terms is appropriate under the District of Delaware's Default Standard for Discovery, Including Discovery of Electronically Stored Information ("ESI'"') ("Default Standard").[1]

District courts have broad discretion to manage discovery. *See Sempier v. Johnson & Higgins,* 45 F.3d 724, 734 (3d Cir. 1995).  Although Plaintiffs remain willing and able to perform the ESI search, review, and production with respect to their own proposed custodians and search terms (or with whatever custodians and search terms the Court determines to be appropriate), Plaintiffs believe that it is well within the Court's discretion to manage discovery so that unduly burdensome and/or unreasonably expensive discovery requests are not unnecessarily imposed on a party, as would be the case if multiple complete searches, reviews and productions of Plaintiffs' own ESI and the ESI retained by non-party Covidien based on new search terms or custodians were required of Plaintiffs.

---

[1] Pursuant to the Oral Order, Plaintiffs will provide their Opposition to HyperBranch's Opening Letter Brief on the topic of ESI custodians and search terms by 2:00 pm on August 21, 2018.

YOUNG CONAWAY STARGATT & TAYLOR, LLP
Honorable Christopher J. Burke
August 17, 2018
Page 2

Because Plaintiffs' production should be based on an appropriately tailored search, review, and production of ESI (both of its records and on the records maintained by Covidien, to which Plaintiffs currently have a contractual right to request access), Plaintiffs respectfully request an extension of time to substantially complete production of documents to no earlier than thirty (30) days after the Court resolves the issue of the appropriate ESI custodians and search terms.  Given the Court's history in promptly resolving discovery disputes, Plaintiffs believe that such an extension will not adversely affect the parties' ability to comply with the current fact discovery deadline of March 11, 2019.

Respectfully submitted,

*/s/ Karen L. Pascale*

Karen L. Pascale (#2903)

cc:  Counsel of record (via CM/ECF and e-mail)

01:23537076.1