# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CONFLUENT SURGICAL INC., INTEGRA LIFESCIENCES CORPORATION, AND INTEGRA LIFESCIENCES SALES LLC,<br><br>          Plaintiffs,<br><br>     v.<br><br>HYPERBRANCH MEDICAL TECHNOLOGY, INC.,<br><br>          Defendant. | C.A. No. 17-688-LPS-CJB |

### INTEGRA'S LETTER BRIEF TO THE HONORABLE CHRISTOPHER J. BURKE IN RESPONSE TO DEFENDANT'S LETTER TO COMPEL DISCOVERY (D.I. 202)

*Of Counsel:*

Robert F. Altherr, Jr.
Christopher B. Roth
**BANNER & WITCOFF, LTD.**
1100 13th Street NW
Suite 1200
Washington, DC 20005
Telephone: (202) 824-3000

Timothy C. Meece
Jason S. Shull
**BANNER & WITCOFF, LTD.**
Ten South Wacker Drive
Suite 3000
Chicago, IL 60606
Telephone: (312) 463-5000

John P. Iwanicki
**BANNER & WITCOFF, LTD.**
28 State Street, Suite 1800
Boston, MA 02109
Telephone: (617) 720-9600

**YOUNG CONAWAY STARGATT & TAYLOR LLP**
Karen L. Pascale (#2903) [kpascale@ycst.com]
Robert M. Vrana (#5666) [rvrana@ycst.com]
Rodney Square
1000 North King Street
Wilmington, DE 19801
Telephone: (302) 571-6600

*Attorneys for Plaintiffs, Integra LifeSciences Corp., Integra LifeSciences Sales LLC, Confluent Surgical, Inc., and Incept LLC*

June 13, 2019

Dear Judge Burke:

This letter is the response of Confluent Surgical Inc., Integra Lifesciences Corp. and Integra Lifesciences Sales, LLC ("Integra") to the letter motion (D.I. 202) of Defendant HyperBranch Medical Technology, Inc. ('Defendant"), in accordance with the Court's June 3, 2019 Oral Order (D.I. 199).

## I. The Scheduling Order Limit and Fed. R. Civ. P. 33(a)(1) Are Dispositive of this Motion.

Defendant's request for answers to Interrogatories "16-18" should be denied because it has exceeded the number of interrogatories allowed in the Scheduling Order (D.I. 30 at 5) and Rule 33(a)(1), which provides that "[u]nless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories, *including all discrete subparts*." *See e.g.*, *Price v. Deloy*, No. 08-444, 2011 WL 2470444, at *3 (D. Del. June 21, 2011) (emphasis added). Integra respectfully submits that after the Court counts the subparts for itself, it will be clear that Defendant has exceeded the limit of 25[1] and there is therefore no need for a telephonic hearing.

Regarding how "discrete subparts" are counted, the District of Delaware follows the rule and reasoning in *Banks v. Office of Senate Sergeant-at-Arms*, 222 F.R.D. 7 (D.D.C. 2004) (holding that the number of interrogatories exceeded the Rule 33(a)(1) limit of 25). *See e.g.,* Tr. at 3:21-4:8, *Ansell Healthcare Prod. LLC v. Reckitt Benckiser LLC*, No. 15-CV-915-RGA, (D. Del. Oct. 14, 2016) (Judge Andrews explained that in "counting interrogatory subparts, I just wanted to explain to you how I got to 19. Essentially, there's a case which is not one of the ones you cite, but happened to be the one that I like, called *Banks vs. Office of Senate Sergeant at Arms*, … And basically the Judge there, who is fairly well-known in the discovery circles, says something like, a demand for information about a certain event and the documents about it should be counted as two separate interrogatories. And so for a number of the interrogatories where the defendant has asked for documents to support it, I've counted that as two."). *See* Ex. B. "When Rule 33(a) was amended to limit the number of interrogatories that can be propounded, the draftsmen appreciated that the numerical restriction could be evaded by 'joining as 'subparts' questions that seek information about discrete separate subjects.' Fed. R. Civ. P. 33 advisory committee's note. Therefore, the numerical limitation in the rule is stated as 'not exceeding 25 in number including all discrete subparts.'" *Banks*, 222 F.R.D. at 10. The decisions in *Ansell*

---

[1] Integra's 5/18/2019 letter to the Court (D.I. 187) provided a rough count of interrogatories and the point of the applicable portion of that letter was that no matter how the interrogatories were counted, Defendant exceeded that limit. Since Integra is standing on its objection at this point with respect to Nos. 16-18, Integra provides herein a detailed count of discrete subparts strictly in accordance with *Ansell*, *Banks*, and *Superior*, which Integra offered to provide Defendant before a meet and confer, but said offer was rejected since Defendant's counsel had no interest in discussing the number of discrete subparts in its interrogatories. Ex. A at 2. ("We offered to provide HyperBranch with a detailed articulation of our counting of interrogatories in order to help facilitate a meet and confer. You declined and insisted on conducting the meet and confer today regarding the interrogatories."). Nonetheless, Defendant was expressly told that its "interrogatories contain multiple discrete subparts independently seeking, *inter alia*, **facts**, **persons**, and **documents**." *See id.* at 1. (Emphasis in original).

The Honorable Christopher J. Burke
June 13, 2019
Page 2

and *Banks* are consistent with *Superior Commc'ns v. Earhugger, Inc.*, 257 F.R.D. 215, 218 (C.D. Cal. 2009), which held that an interrogatory requesting "all of the facts that support or undermine the allegation in YOUR answer to the Complaint. Identify all PERSONS who have knowledge of these facts. Identify all DOCUMENTS and things that RELATE or refer to those facts … **has at least three discrete subparts: *facts*; *persons*; and *documents*.**") (emphasis added). And Defendant's precedent—*Medigus Ltd. v. Endochoice, Inc.*—supports Integra's position, not Defendant's. *See Medigus Ltd. v. Endochoice*, *Inc.*, No. 15-505, 2016 WL 5791409, at *3 n.6 (D. Del. July 19, 2016) ("Lastly, Defendant has acknowledged that its original Interrogatory No. 2 *should in fact be considered two interrogatories*, and it has re-cast it as revised Interrogatories Nos. 2–3. (D.I. 67, app. A) **The Court agrees that this is appropriate** in light of the caselaw set out above.") (emphasis added). A copy of *Medigus* and the revised interrogatory chart is attached as Ex. C. Notably, the defendant in *Medigus* revised nearly all of the original interrogatories since they contained multiple discrete subparts. *See* Ex. C at 5-13.

Like in *Ansell*, *Banks*, *Superior*, and *Medigus*, Defendant's interrogatories also contain multiple discrete subparts. And each such subpart must be counted under Rule 33(a)(1). Even giving Defendant the benefit of any "doubt" about what is or is not a discrete subpart, the limit of 25 has been exceeded. As illustrated in the annotated copy of Defendants' interrogatories in Ex. D, Defendant's interrogatories 1-15 contain **37** total distinct subparts:

- No. 1 (2 subparts): (i) effective filing date[s] and (ii) all supporting facts and evidence.

- No. 2 (2 subparts): (i) the date[s] of invention and (ii) all facts and evidence.

- No. 3 (6 subparts): (i) all contentions regarding invalidity, (ii) all supporting evidence as to why they are not invalid, (iii), all contentions regarding any limitations not satisfied, (iv) all supporting evidence regarding why limitations not satisfied, (v) all contentions regarding whether references qualify as prior art, and (vi) all supporting evidence regarding why references do not qualify.[2]

- No. 4 (2 subparts): (i) amount/type/calculation of damages and (ii) all facts and evidence.

- No. 5 (6 subparts): (i) all agreements relating to the Asserted Patents, (ii) each Person using the inventions, (iii) all analysis performed by and/or exchanged with parties during negotiations or agreements, (iv) the Persons responsible for negotiating agreements, (v) the consideration paid for each agreement, and (vi) identification of all Documents.

- No. 6 (5 subparts): (i) identification of all products made/used/sold, (ii) whether products were always marked, (iii) identification of marked patent numbers, (iv) identification of any evidence regarding marking, and (v) identification of all Persons having knowledge of marking.

- Nos. 7-12 one each, for a total of 6.

- No. 13 (2 subparts): (i) identification of each individual contributing to conception and (ii) identification of all supporting facts and evidence.

---

[2] Even Defendant must concede that the interrogatory includes multiple discrete subparts since Defendant itself labeled the subparts as "**a**," "**b**," and "**c**." *See* Ex. D at 5.

- No. 14 (<u>3 subparts</u>): (i) identification of all persons consulted, (ii) identification of all information repositories reviewed, and (iii) detailed description of each consultation and review.

- No. 15 (<u>3 subparts</u>): (i) identification of all persons consulted, (ii) identification of all information repositories reviewed, and (iii) detailed description of each consultation and review.

**II. Discovery on the Baffle-2 Configuration is Premature, Speculative, and Duplicative**.

As detailed in Integra's Motion to Dismiss, the Baffle-2 Configuration should not be part of this case. (D.I. 149 at 10-13). The demand for "substantive responses" to Interrogatories Nos. 16-18 ignores the fact that they are premature since neither the proposed Baffle-2, nor any speculative potential variation thereof, has received approval from the FDA, and approval—if *ever* granted by the FDA for this device or an unknown variant—would be at some unknown future point in time. The Baffle-2 cannot be marketed or sold in the U.S. and the requested contention discovery is premature, since there is no actual case or controversy and since it is speculative as to what, if any, product the FDA might approve. With no facts, evidence, or authority to support its representation, Defendant erroneously assured the Court on February 11, 2019 that FDA approval was "essentially a foregone conclusion" and "[t]he question is just a matter of precisely when within the next few months FDA approval is received, not *if* such approval will be obtained." (D.I. 161 at 11) (emphasis in original). Obviously this was not true, since Defendant—four months later—still has not received FDA approval for any device, the structure of which has yet to be determined. *See Abbott Diabetes Care, Inc. v. Dexcom, Inc.,* No. 05–590, 2006 WL 2375035, at *3 (D. Del. Aug. 16, 2006) (dismissing declaratory judgment claim for lack of sufficient reality and immediacy where FDA had not approved defendant's product, where defendant could not predict but only "expect" FDA approval, and where product could change based on FDA's determination in approving product). Further and until FDA approval is obtained, the Baffle-2 cannot be considered relevant to any issue, including the issue of damages.

Irrespective, Defendant already has the information it seeks regarding Baffle-2 since it has represented that the device "is *identical* in all respects to the currently accused ET product (*i.e.*, 'ET-Baffle-1 Configuration') with the sole exception of using an alternatively supplied baffle structure from Micromedics…" (D.I. 161 at 10) (emphasis added). If Baffle-2 is identical to Baffle-1 but for the Micromedics baffle, then the requested discovery is duplicative of, and unnecessary because of, Integra's prior substantive answers to Interrogatory Nos. 1-15, which covered the topics of Nos. 16-18. Simply put, Defendant's own admissions obviate the need for the requested—and duplicative—discovery.

For at least the above reasons, Defendant has exceeded its limit on the number of allowed interrogatories and Defendant's alternative request for leave to propound additional interrogatories should be denied, because questions regarding Baffle-2 are premature and speculative, and would merely result in Integra providing responses duplicative of its prior interrogatory answers. Consequently, Integra respectfully requests denial of the motion and that the Court exercise its right, per its Order, "to resolve the dispute prior to the telephone conference." (D.I. 199).

The Honorable Christopher J. Burke
June 13, 2019
Page 4

                                           Respectfully submitted,

                                           */s/ Karen L. Pascale*

                                           Karen L. Pascale (#2903)

cc:    Clerk of Court (by hand, with exhibits)
        Counsel of Record (by email, with exhibits)